UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEYRANS 3, INC.,** | : |
| **Plaintiff,** | : |
| v. | : CIVIL ACTION NO.: 2:21-cv-526 |
| **WILSHIRE INSURANCE COMPANY,** | : |
| **Defendant.** | : |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Wilshire Insurance Company ("Defendant"), by and through its undersigned counsel, hereby removes the above-captioned civil action from the Court of Common Pleas, Allegheny, County, Pennsylvania, Civil Division No. GD-21-000511 ("Allegheny County Action") to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441.  The grounds for removal are as follows:

**I.      THE ALLEGHENY COUNTY ACTION**

1.      Plaintiff, Meyrans 3 Inc., ("Plaintiff" or "Meyrans") initiated the Allegheny County Action on January 15, 2021 by filing a Writ of Summons against Defendant, which was docketed on January 15, 2021.  A true and correct copy of the Allegheny County Docket is attached at Exhibit "A".  A true and correct copy of the Writ is attached hereto as Exhibit "B".

2.      Plaintiff filed a Proof of Service of the Writ on February 4, 2021.  A true and correct copy of the Proof of Service is attached at Exhibit "C".

3.      On February 26, 2021, Defendant submitted a Praecipe for Rule to file a complaint; The Allegheny Court issued and docketed the Rule on February 26, 2021.  True and correct copies of the Praecipe and Rule are attached hereto as Exhibit "D".

4. On March 31, 2021, Plaintiff filed a Complaint setting forth the allegations against Defendant, which was docketed on March 31, 2021. A true and correct copy of the Complaint is attached hereto as Exhibit "E".

5. In its Complaint, Plaintiff alleges that Defendant failed to provide full coverage for water damage at its property under an insurance policy issued by Defendant to Plaintiff. According to the Complaint, Plaintiff seeks to recover insurance proceeds for withheld depreciation and unspecified damage allegedly sustained at its property. Complaint ¶¶8-11, 14, 24. Plaintiff also asserts a claim for bad faith denial of insurance benefits under Pennsylvania law. Complaint ¶¶27-32.

6. Defendants intend to refute the contentions in the Complaint.

## II.   REMOVAL IS TIMELY FILED

7. Removal is timely if filed not more than 30 days after the defendant receives a copy of the plaintiff's Complaint. 28 U.S.C. § 1446(b).

8. As noted above, on March 31, 2021, Plaintiff filed a Complaint setting forth the allegations against Defendant, which was docketed on March 31, 2021, and served on Defendants' counsel *via* the court's ECF system on March 31, 2021.

9. Defendant, therefore, has until April 30, 2021 to timely seek removal of the Complaint to this Court.

10. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) as it is filed less than thirty days from when the Complaint was filed and Defendant received the Complaint.

11. There are no other defendants in the Allegheny County Action.

## III.   REMOVAL IS PROPER

12. Removal is not only timely filed, but also proper.

26958108v.1

13. Defendant has attached to this removal a copy of the docket and all filings in the Allegheny County court.

### A. The Court Has Original Jurisdiction Of The Matter

14. "A defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Thach v. State Farm Fire & Cas. Co.*, CIVIL ACTION NO. 19-5050, 2020 U.S. Dist. LEXIS 121758, *2 (E.D. Pa. July 9, 2020) (quoting 28 U.S.C. § 1441(a)).

15. "'Diversity of citizenship subject matter jurisdiction falls within the original jurisdiction of the district court,' pursuant to § 1332(a) of Title 28 of the United States Code, and thus 'a state court case that implicates diversity jurisdiction' may generally be removed...." *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

16. Diversity of citizenship subject matter jurisdiction exists for "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...[c]itizens of different States[.]" 28 U.S.C. § 1332(a)(1).

17. The Allegheny County Action is a civil action between citizens of different states involving amount in controversy exceeds $75,000, exclusive of interests and costs; therefore, this Court has subject matter jurisdiction, and thus original jurisdiction, over the action.

#### 1. There Is Complete Diversity Among The Parties

18. "Jurisdiction under § 1332(a) requires 'complete diversity,' meaning that 'no plaintiff can be a citizen of the same state as any of the defendants.'" *Johnson*, 724 F.3d at 346 (citation omitted).

19. There is complete diversity among the parties to the Allegheny County Action.

20. According to the Complaint, Meyrans is a Pennsylvania corporation with its principal place of business in Pennsylvania. Complaint ¶1.

21. Plaintiff alleges that Defendant Wilshire is a North Carolina Corporation with its principal place of business in North Carolina. Complaint ¶2.

22. Defendant Wilshire is a corporation organized and existing under the laws of North Carolina with its principal place of business in Raleigh, North Carolina.

23. Based on the foregoing, there is complete diversity of citizenship among the parties to the Allegheny County Action, because Plaintiff is a citizen of Pennsylvania with its principal place of business in Pennsylvania, and Defendant is not and does not have its principal place of business in Pennsylvania.

### 2. The Amount In Controversy Exceeds $75,000

24. "If removal of a civil action is sought on the basis of [diversity] jurisdiction[,] the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that...the notice of removal may assert the amount in controversy if the initial pleading seeks ... nonmonetary relief[.]" 28 U.S.C. § 1446(c)(2).

25. Defendants bear "the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. But that burden is not especially onerous. In reviewing the complaint, 'the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a **legal certainty** that the claim is really for less than the jurisdictional amount to justify dismissal.'" *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (citations omitted) (emphasis added).

26. "'[T]he question whether a plaintiff's claims pass the "legal certainty" standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims.'" *Auto-Owners*, 835 F.3d at 395 (quoting *Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997)).

27. Plaintiff in Count I of its Complaint seeks to recover $38,084.19 for withheld depreciation plus insurance proceeds for unspecified items allegedly damaged as a result of the water damage at its building. Complaint ¶¶24-25.

28. In Count II of its Complaint, Plaintiff seeks to recover for alleged bad faith denial of insurance benefits and appears to seeks an award of punitive damages and attorney fees. Complaint ¶¶31-32.

29. In light of Plaintiffs' request for an award consisting of more than $38,000 in depreciation, unspecified other compensatory damages, punitive damages, and attorney fees, it cannot be said with legal certainty that, if successful, Plaintiff would recover less than the $75,000 jurisdiction amount in controversy.

30. Because there is complete diversity of citizenship among the parties to the Allegheny County Action, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, the Court has original/subject matter jurisdiction over the Allegheny County Action; removal, therefore, is proper under 28 U.S.C. § 1441.

### B. This Court Is The Appropriate Venue For Removal

31. Removable actions "may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

32. The U.S. District Court for the Western District of Pennsylvania "embrac[es]" the Allegheny County Court of Common Pleas were the action being removed is pending.

33. Thus, this Court is the appropriate venue for removal of the Allegheny County Action.

### C.     All Other Procedural Requirements Are Or Will Be Satisfied

34.     Finally, removal is proper because all other procedural requirements are or will be satisfied by Defendant.

35.     Pursuant to 28 U.S.C. § 1446(a), Defendant attaches copies of "all process, pleadings, and orders served upon such defendant or defendants in" the Allegheny County Coverage Action.  The dockets from the Allegheny Court of Common Pleas is attached at Exhibit "A".  The Writ of Summons is attached as Exhibit "B".  The Proof of Service of the Writ is attached at Exhibit "C".  The Rule to File a Complaint is attached at Exhibit "D".  The Complaint is attached as Exhibit "E".

36.     Pursuant to 28 U.S.C. § 1446(d), a copy of Defendants' Notice of Removal will be filed promptly with and served upon the Office of Judicial Records of the Allegheny County Court of Common Pleas, advising that court of the removal of the Allegheny County Action.

37.     A copy of Defendants' notice to the Office of Judicial Records of the Allegheny County Court of Common Pleas — styled as a "Notice Of Removed Action" — is attached as Exhibit "F".

38.     Additionally, under 28 U.S.C. § 1446(d), a copy of the Notice of Removal will be promptly served upon counsel for Plaintiff.

39.     For all of the foregoing reasons, removal is authorized under 28 U.S.C. § 1441, it is timely filed, and it is proper.

40.     By filing this Notice of Removal, Defendant does not waive and expressly reserves its rights, claims, and defenses, including without limitation all defenses relating to jurisdiction, venue, service of process, and personal jurisdiction.

**WHEREFORE**, Defendant Wilshire Insurance Company respectfully requests that the action pending in the Court of Common Pleas, Allegheny County, Pennsylvania, Docket No. GD-

21-000511, be removed to the United State District Court for the Western District of Pennsylvania, and that the action thereafter proceed in this Court as an action properly removed thereto.

DATE:  April 20, 2021                    /s/ David E. Edwards
                                                           David E. Edwards (PA ID #: 67961)
**WHITE AND WILLIAMS LLP**
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia PA 19103-7395
(215) 864-7000

*Attorneys for Defendant*
*Wilshire Insurance Company*

## CERTIFICATE OF SERVICE

I, David E. Edwards, hereby certify that a true and correct copy of the foregoing Defendant's Notice of Removed Action Pursuant to 28 U.S.C. § 1446(d) was filed electronically on the date indicated below, and is available for viewing and downloading from the ECF System maintained by the Western District of Pennsylvania and was served by e-mail on:

*Via E-Mail*

Brad N. Sommer, Esq.
Sommer Law Group, PC
6 Market Square
Pittsburgh, PA 15222
info@SommerLawGroup.com
JL@SommerLawGroup.com

*Attorneys for Plaintiff*

**WHITE AND WILLIAMS LLP**

Dated: April 20, 2021     By: */s/ David E. Edwards*
David E. Edwards (PA ID #: 67961)
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia PA 19103-7395
(215) 864-7000

*Attorneys for Defendant*
*Wilshire Insurance Company*